UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SOJOURN HOUSE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01555-JRS-TAB ) |
| MONROE COUNTY BOARD OF ZONING APPEALS, MONROE COUNTY, INDIANA, | ) ) ) ) ) |
| Defendants. | ) |

**Order on Motions to Stay and to Remand**

This is a zoning case. The Monroe County zoning board denied Sojourn House a variance it sought for a planned residential women's shelter. Sojourn House, petitioning for judicial review in the Monroe County Circuit Court, claimed the County violated state and federal law in denying the variance and refusing to consider an amended variance. The County removed the case because it includes federal claims. (ECF No. 1.) Now, though, it seems to have changed its mind. The County moves for the Court to abstain from hearing the case, (ECF No. 18), and instead to sever and remand the state law claims, (ECF No. 19). Those motions are, naturally enough, unopposed by Sojourn House, which chose state court in the first place.

The County's unopposed argument for *Thibodaux* abstention is well taken. That doctrine allows a federal court to decline to decide "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River Water Conservation Dist. v. United*

*States*, 424 U.S. 800, 814 (1976) (discussing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959) and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).  The Court is faced here with a local land use issue.  Local land use is a quintessential area of state concern.  *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 362 (7th Cir. 1998).  Furthermore, the heart of Sojourn's claim—that the County Board of Zoning Appeal wrongly declined to hear its application—turns on a tricky question of state procedural law.  (Compl. 12, ECF No. 1-1 (citing Ind. Code § 36-7-4-916).)  How or whether Ind. Code § 36-7-4-916 constrains the authority of a zoning board's procedural conduct and discretionary decisions is apparently a question of first impression.  A state court should have the first opportunity to decide the statewide effects of that law on the rules and procedure of all the various local zoning boards.

The Court may remand the case "based on abstention principles . . . where the relief being sought is equitable or otherwise discretionary."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).  The relief sought here fits the bill: Sojourn seeks a declaratory judgment and injunction.  (Compl. 12, 28, ECF No. 1-1); *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977) ("[I]njunctive and declaratory judgment remedies are discretionary."); *Green v. Mansour*, 474 U.S. 64, 72 (1985) (declaratory judgment is basically equitable).  A remand, then, is appropriate and would satisfy both parties.

One last issue: the County wants only the state claims to be remanded.  The Court thinks the better course is to remand the entire case.  Sojourn's various legal theories are all directed at a single administrative record; judicial economy dictates that one

2

judge learn the record and apply the law. It should be a matter of indifference which judge. On a motion for remand, "[t]he only thing that is at stake is the forum that will hear a claim," *Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 832 (7th Cir. 2003), and the state court is presumptively just as competent to handle the federal claims, *AXA Corp. Sols. v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 280 (7th Cir. 2003).

The Supreme Court's holding in *Quackenbush* establishes that this Court has the power to order a complete remand in "otherwise appropriate circumstances," 517 U.S. at 721, but there seems to be no controlling authority on the specific question of whether a *Thibodaux* abstention remand should be total or partial. If *Thibodaux* abstention is considered as a variety of *Burford* abstention, *see Colorado River*, 424 U.S. at 814 (including both doctrines in a single category), *Quackenbush*, 517 U.S. at 725–26 (describing *Thibodaux* as an offshoot of *Burford*'s reasoning), then it ought to be treated the same procedurally. *Burford* abstentions lead to full dismissal, on the theory that the federal court's jurisdiction is not engaged. Charles A. Wright & Arthur R. Miller, 17A Fed. Prac. & Proc. Juris. § 4245 (3d ed.). So it ought to be possible for this Court to dispose wholly of the case, notwithstanding the fact that in *Thibodaux* itself the Supreme Court approved a stay instead of a dismissal. *Thibodaux*, 360 U.S. at 29; *cf.* Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4245 n.6 (3d ed.) (noting "some difficulty" in reconciling *Thibodaux* theory and practice). And, too, a remand is a milder disposition than a dismissal. A remand keeps the case alive; it does not raise the potential problem of a time-bar to refiling in state court, *e.g. Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 698 (7th Cir. 1985)

(reasoning on time-bar danger in support of holding that *Colorado River* abstentions should be stayed rather than dismissed), nor does it risk the possibility that the litigation will otherwise lapse, *Thibodaux*, 360 U.S. at 29. Finally, on these peculiar facts, where both parties are seeking a state forum, the Court sees no danger of frustrating Congress' purposes behind the removal statutes. *Thibodaux*, 360 U.S. at 31 (Brennan, J., dissenting).

Therefore, the County's Motion for Abstention and Stay, (ECF No. 18), and its Motion to Remand, (ECF No. 19), are both **granted**, except the Court does not retain any jurisdiction. The entire case is **remanded** to the Monroe County Circuit Court; nothing remains for this Court to decide, and the clerk is directed administratively to close the federal case.

**SO ORDERED.**

Date: 01/24/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Scott Clark
KNIGHT HOPPE KURNIK & KNIGHT LTD (Rosemont)
mclark@khkklaw.com

Emily Curosh
Knight, Hoppe, Kurnik, & Knight, Ltd.
ecurosh@khkklaw.com

Lonnie D. Johnson
CLENDENING JOHNSON & BOHRER, P.C.
ljohnson@lawcjb.com

Cheyenne N. Riker
CLENDENING JOHNSON & BOHRER PC (Bloomington)
criker@lawcjb.com

Pamela G. Schneeman
Knight Hoppe Kurnik & Knight, Ltd.
pschneeman@khkklaw.com

John Michael Stringfield
The Law Offices of Robert D. King
jstringfield@lawcjb.com